TORPY, J.,
concurring and concurring specially.
Appellee argues that the prohibition against settlement-below-par does not apply here for various reasons. I agree with our conclusion concerning the meaning and applicability of section 655.85, Florida Statutes. Furthermore, even if section 655.85 does not establish an express prohibition to the fee charged here, it is not tantamount to an authorization to exact a charge as a precondition to fulfilling the legal obligation to pay a negotiable instrument when it is properly presented. That obligation is established by chapter 673, Florida Statutes, which addresses negotiable instruments.
When questioned about this at oral argument, Appellee’s counsel initially conceded that Appellee, as drawee, has the legal obligation to pay the par value of the check, a negotiable instrument, when it is properly “presented” for payment. Counsel initially represented that the fee charged to Appellee was for the privilege of an immediate payment, something it was not legally obligated to do if the check was presented after an established cutoff hour. See § 673.5011(2)(d), Fla. Stat. (2009) (authorizing drawee bank to “treat presentment as occurring on the following business day” if check is presented after established cutoff time (not earlier than 2 p.m.)). Later in counsel’s argument, however, he equivocated, taking the position that a bank may charge such a fee even when the check is presented for payment before the cutoff hour or when payment is sought the day following presentment. I think counsel’s initial concession was correct. A drawee bank must pay the full amount of a check when it is properly presented before the cutoff hour by the payee, unless the check is legally dishonored. Given our conclusion that settlement for less than par is proscribed by section 655.85, whether a bank may charge a fee in exchange for waiving its right to treat presentment as occurring on the next business day is academic.